**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

IN RE:

T.H. HOLTON,
JOANN HOLTON,

     Debtors.

_____//

Case No.:  DK 18-03670
Chapter 13
Hon. Scott W. Dales
Filed:  August 27, 2018

**TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS**

    **NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Objection to Debtors' Claim of Exemptions* states as follows:

    1.    T.H. Holton and JoAnn Holton ("Debtors") filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code on August 27, 2018.  The case has never been converted, dismissed or reinstated, and Debtors' Chapter 13 plan has not been confirmed.

    2.    The first meeting of creditors to be held pursuant to 11 U.S.C. § 341 concluded October 3, 2018 [DN 7; DN 18].  *See* Fed. R. Bankr. P. 4003.

    3.    11 U.S.C. § 522(d)(3) permits a debtor to exempt his or her "interest, *not to exceed $600 in value in any particular item* or $12,625 in aggregate value in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."  [*Emphasis added.*]

    4.    The Trustee objects to Debtors' claim of exemptions because Mr. Holton is claiming a $1,200.00 exemption under 11 U.S.C. § 522(d)(3) in $2,300.00 of clothing, including "leather coat [and] designer wear," and Ms. Holton is claiming a $1,800.00 exemption in the $2,300.00 of clothing, with both exemptions being claimed without a representation that no one item is worth more than $600.00 [DN 1, pages 20 & 22].

5.      Without a representation that no one good's value exceeds $600.00, it is possible that there is non-exempt equity in one or more individual items.

6.      Similarly, the Trustee objects to Debtors each claiming $2,000.00 lump sum exemptions in personal possessions, and $1,500.00 exemptions in various electronics, under 11 U.S.C. § 522(d)(3), without a representation that no one item being exempted is worth more than $600.00 [DN 1, pages 19-20 & 21].

7.      The Trustee objects to Mr. Holton's "100%" exemption in the WEC Energy Group Retirement Plan under 11 U.S.C. § 522(d)(7), because it is not clear that the life insurance contract is owned by the debtor, and that the life insurance contract has not matured [DN 1, page 20]; the Trustee has not received sufficient documentation to make that determination.[1]

8.      The Trustee objects to Ms. Holton's "100%" exemption in the Western and Southern Life insurance policy under 11 U.S.C. § 522(d)(7) [DN 1, page 22] where Ms. Holton's son is the insured, but Ms. Holton is the owner of the policy, because, again, the maturity date is not entirely clear from the documentation that has been provided to the Trustee.

**WHEREFORE** the Trustee respectfully requests that this Court deny Debtors' claim of exemptions, permit Debtors 14 days to amend their claim of exemptions, and grant what other relief may be just and equitable.

Respectfully submitted,

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

October 15, 2018                          /s/ Courtney K. Roberts

---

[1] Trustee's counsel expresses frustration at Debtors' counsel's repeatedly use of multiple exemptions being claimed in property where some of the exemptions might be applicable, but others not as clearly applicable, unnecessarily complicating the review process and the possible objections to the exemptions claimed.  For example, Debtors are claiming retirement accounts as exempt under both 11 U.S.C. §§ 522(d)(10)(E) and (d)(12), and Ms. Holton claiming all of the life insurance policies exempt under 11 U.S.C §§ 522(d)(7), (d)(8) and (d)(5) [DN 1, pages 20 & 22-23].

Courtney K. Roberts (P64717)
Attorney for Barbara P. Foley
Chapter 13 Trustee
229 E. Michigan Avenue, Suite 440
Kalamazoo, MI  49007
Phone:  (269) 343-0305, ext. 206
E-Mail: croberts@chpt13.com